IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Daniel S. Vijil, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110160-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Workforce Services, | ) | (March 15, 2012) |
| Workforce Appeals Board; and Smitty's | ) | |
| Golden Steak, | ) | 2012 UT App 74 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:     David J. Holdsworth, Sandy, for Petitioner
               Amanda B. McPeck, Salt Lake City, for Respondent Workforce Appeals
               Board

-----

Before Judges McHugh, Voros, and Orme.

¶1     Daniel S. Vijil petitions for review of the decision of the Workforce Appeals Board (the Board) affirming the denial of unemployment benefits because Vijil was discharged for just cause. We decline to disturb the Board's decision.

¶2     This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). "Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372. The determination of whether an employer had just cause to terminate an employee is a mixed question of law and fact. *See id.* This court will uphold the Board's decision applying law to facts

"so long as it is within the realm of reasonableness and rationality." *See Arrow Legal Solutions Grp., PC v. Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830.

¶3     A claimant is ineligible for unemployment benefits if he or she was discharged for just cause. *See* Utah Code Ann. § 35A-4-405(2)(a) (2011).  To establish just cause for terminating employment, the elements of knowledge, culpability, and control must be shown. *See* Utah Admin. Code R994-405-202.  Although Vijil acknowledges that the element of knowledge has been established based on a disciplinary letter he received shortly before his discharge, he contends that there is not substantial evidence to show culpability or control.

¶4     Culpability is established if the conduct causing the discharge is "so serious that continuing the employment relationship would jeopardize the employer's rightful interest." *Id.* R994-405-202(1).  Vijil argues that his absence for one shift was not so serious as to warrant discharge.  However, the record shows that Vijil was discharged based on a lengthy pattern of attendance problems, which culminated in his missing a shift and failing to follow previously prescribed procedures.  Although the missed shift led to his discharge, it was the final incident, not the only one.

¶5     There was substantial record evidence to support a finding of culpability.  Vijil's employer testified at a hearing before an administrative law judge (ALJ) regarding the circumstances of Vijil's discharge.  He stated that Vijil had received a written warning regarding his attendance and other issues.  That disciplinary letter set out the expectations and the procedures for Vijil to follow if he was unable to appear for work.  Vijil was required to obtain prior approval from a manager before missing a shift or having someone cover a shift for him.  The employer also testified that Vijil had been late or absent for over 100 of his approximately 170 scheduled shifts in 2010, and was often substantially late.  On the day of Vijil's final missed shift, Vijil had not obtained prior approval, did not notify a manager that he would be gone that day, and had covered only part of his shift.  He also did not notify a manager that someone would cover the later part of his shift.

¶6     These facts are sufficient to establish culpability.  The record shows that Vijil had a poor attendance record, which disrupted the operation of the restaurant.  The final missed shift caused additional disruption, lack of line coverage, and a waste of resources in trying to cover for Vijil's unexpected absence.  An employer has a rightful interest in having employees show up for work on time.  Here, Vijil's unreliability jeopardized the employer's rightful interest by disrupting the efficient operation of business.

¶7 The element of control is established by showing that the conduct causing the discharge was within the employee's control. *See id.* R994-405-202(3). Vijil's failure to obtain prior approval for his absence was within his control. Vijil stated that he was absent because he had a doctor's appointment, so he necessarily had prior notice of his need for time off. He was aware of the procedures he was to follow to obtain prior approval for such an absence. He had the managers' cell phone numbers so he could reach them directly. He had ample opportunity to speak with the managers to coordinate time off. Overall, there is substantial evidence to support that Vijil's conduct and failure to follow the required procedures was within his control.

¶8 Vijil acknowledges that there was some evidence to support the findings of culpability and control but argues that there was not substantial evidence because his own testimony differed from that of his employer. Even though he disputes the facts as found, however, there is support for them in the record through his employer's testimony. The ALJ made a specific credibility determination, finding the employer's testimony to be more credible and realistic. Appellate courts will not reassess an agency's credibility determinations or reweigh the evidence in a proceeding where conflicting evidence is presented. *See Questar Pipeline v. Utah Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993). Rather, it is the agency's prerogative to assign weight to conflicting witness testimony. *See id.* In its decision, the Board deferred to the ALJ's credibility determination, and given the credible testimony of the employer, there is ample record evidence to support the findings of culpability and control.

¶9 Overall, there is substantial evidence to support the Board's factual findings, and its determination that Vijil was discharged for just cause is reasonable and rational. Accordingly, we uphold the Board's decision.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge